**Willie Lee GARNER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–402–CR.**

Court of Appeals of Texas,
Fort Worth.

July 30, 1993.

Joanne M. Shipley, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., David C. Colley, Asst. Dist. Atty., Denton, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

WEAVER, Justice.

Willie Lee Garner was convicted in a bench trial of the offense of aggravated assault of a peace officer. TEX.PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon Supp.1993). The trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

## DOUBLE JEOPARDY

■ In point of error one, appellant contends that his conviction should be overturned on grounds that it was barred by the double jeopardy clause. A jury was originally selected on October 9, 1991. Prior to the jury being sworn, the trial judge excused one juror, Christina Mills, because it could not be determined whether she resided in Denton County. Another juror, Alfred Ramirez, was selected to replace her. Appellant plead not guilty, and the trial began. After the first witness completed his testimony, the trial judge announced that he "need[ed] to talk to the attorneys about something ... in chambers." Following an off-the-record confer-

ence, the trial judge sua sponte declared a mistrial. Neither party objected. The trial court explained his reason for declaring the mistrial as being due to a clerical error in which Mr. Ramirez was erroneously placed on the jury instead of Mr. Barnett because the court coordinator wrote the correct number of the excused juror, Mills, but wrote the wrong name. The court's docket sheet reflects that a mistrial was declared "due to juror being left off and different juror being added." The case was reset for trial on October 14, 1991, in the same court and before the same judge. At that trial, appellant waived his right to a jury trial and was subsequently convicted.[1]

■ Both sides agree that jeopardy attached to appellant when the first jury was impanelled and sworn.[2] Once jeopardy attaches, appellant possesses the right to have his guilt or innocence determined by the first trier of fact. *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App. [Panel Op.] 1981); *Tinney v. State*, 773 S.W.2d 364, 366 (Tex.App.—Fort Worth 1989, pet. ref'd). An exception to this rule is made if the defendant consents to a retrial, or if a retrial is mandated by some form of manifest necessity. *Torres*, 614 S.W.2d at 441; *Tinney*, 773 S.W.2d at 366.

■ The initial inquiry on appeal is whether the defendant consented to mistrial. *Harrison v. State*, 767 S.W.2d 803, 806 (Tex.Crim.App.1989). If there is evidence of consent, the issue of manifest necessity is immaterial. *Id.* Consent need not be express, but may be implied from the totality of the circumstances attendant to the declaration of mistrial. *Gori v. United States*, 367 U.S. 364, 366, 81 S.Ct. 1523, 1524–25, 6 L.Ed.2d 901, 903 (1961); *Little v. State*, 853 S.W.2d 767, 767 (Tex.App.—

---

1. No claim of double jeopardy was raised at the second trial; however, the question of double jeopardy is fundamental in nature and can be raised for the first time on appeal. *Jones v. State*, 586 S.W.2d 542, 544 (Tex.Crim.App. [Panel Op.] 1979); *Tinney v. State*, 773 S.W.2d 364, 366 (Tex.App.—Fort Worth 1989, pet. ref'd).

2. Neither party has addressed the issue of whether jeopardy attached to an erroneously

impaneled jury; however, we find that jeopardy would attach under the circumstances of this case. *See Ex parte Smith*, 817 S.W.2d 797, 799 (Tex.App.—Amarillo 1991, no pet.) (jeopardy attached when jury was impaneled and sworn, even though one of the impaneled jurors was absolutely disqualified as a juror). *See also Pfeffer v. State*, 683 S.W.2d 64, 65 (Tex.App.—Amarillo 1984, pet. ref'd).

Houston [14th Dist.] 1993, no pet. h.); *Torres*, 614 S.W.2d at 441.

Before failure to object constitutes an implied consent to a mistrial, a defendant must be given an adequate opportunity to object to the court's motion. *Gori*, 367 U.S. at 366, 81 S.Ct. at 1524–25, 6 L.Ed.2d at 903; *Little*, 853 S.W.2d at 767–68; *Torres*, 614 S.W.2d at 441–42. Moreover, consent will not be inferred from a silent record. *Allen v. State*, 656 S.W.2d 592, 595 (Tex.App.—Austin 1983, no pet.).

Appellant relies on the *Torres* and *Allen* cases to support the proposition that he did not consent to the mistrial. We find both cases to be distinguishable from the case at bar.

In *Torres*, the trial court sua sponte declared a mistrial because of witness intimidation. After the trial judge made extensive remarks on the record supporting his belief that a witness had been intimidated, he asked the defendant to make a choice between whether he wanted the trial to proceed or whether he wanted a new trial. Before the defendant's attorney could respond, the judge said "[w]ell, let me make it for you. We're going to call a mistrial." *Torres*, 614 S.W.2d at 442. The Court of Criminal Appeals held that the appellant had not consented to the mistrial because he had no opportunity to object. *See id.*

In *Allen*, the trial court sua sponte declared a mistrial during the testimony of the first witness in a bench trial. The trial judge stated "I think I'm going to set this for a jury trial. I really don't think I can accept any recommendation in this case less than about 25 years. Set for jury trial Monday morning." *Allen*, 656 S.W.2d at 593. The judge did not offer any further explanation of his reasons for declaring the mistrial. Neither party objected on the record. *Id.* Appellant argued on appeal that he did not have an opportunity to object because after the judge made the statement, he quickly left the courtroom; the State argued that appellant did not object because appellant was fully satisfied with the judge's action. *Id.* at 594. The Austin Court of Appeals refused to specu-late as to the reason why appellant did not object on the record. *Id.* Instead, the court held that it would not infer consent from a silent record. *Id.* at 595.

The totality of the circumstances in this case reflects that appellant in effect consented to the mistrial. Even though appellant did not object on the record, he had ample opportunity to object at both the conference in the judge's chambers and in open court on the record. Furthermore, the record is not silent because the trial judge explained his reason for declaring the mistrial. Accordingly, point of error one is overruled.

## ENHANCEMENT ALLEGATIONS

Appellant's second point of error asserts that the trial court erred by not orally reading the two enhancement paragraphs or making an oral finding thereon during the second trial in which appellant waived his right to a jury. We find that appellant failed to preserve this point for appeal because he failed to object. *See Warren v. State*, 693 S.W.2d 414, 416 (Tex.Crim.App. 1985).

Even if appellant had properly preserved this complaint, we find that the trial court did not err because there is no requirement that the enhancement paragraphs be orally read to the defendant when punishment is assessed by the trial court alone, *Reed v. State*, 500 S.W.2d 497, 499 (Tex.Crim.App.1973); *Nolan v. State*, 624 S.W.2d 721, 724 (Tex.App.—Amarillo 1981, no pet.), nor is an oral plea required when the appellant has previously stipulated to the enhancement allegations and punishment is not assessed by a jury. *See Washington v. State*, 677 S.W.2d 524, 527–28 (Tex.Crim.App.1984); *Reed*, 500 S.W.2d at 499. When two penitentiary packets were offered into evidence, appellant stipulated that he was the same person as the person convicted for the prior crimes, and made no objection to the admission of the penitentiary packets. The trial court's judgment finds that the enhancement allegations were true, and the court assessed punishment accordingly, sentencing appel-

lant to twenty-five years. Without a finding that appellant had previously been convicted of two prior felony offenses, the maximum punishment the trial court could have assessed would have been ten years. TEX.PENAL CODE ANN. § 12.34 and § 22.02(c) (Vernon Supp.1993). While it is the better practice for trial courts to orally read the enhancement paragraphs and find them to be true or false on the record, we find that the trial court did not err by failing to do so since the trial court assessed punishment instead of a jury. Point of error two is overruled.

## SUFFICIENCY OF THE EVIDENCE

Appellant's third point of error challenges the sufficiency of the evidence to support appellant's conviction for the offense of aggravated assault on a peace officer. The incident which gives rise to this cause of action occurred at approximately 4:00 p.m. on March 27, 1991, when Everett Underwood, a peace officer employed by Texas Women's University ("TWU"), confronted appellant walking on campus.

Kevin Kendrick, a TWU student who witnessed the incident, testified that Officer Underwood came up behind appellant and stated "Mr. Garner, you're under arrest for criminal trespassing." Kendrick testified that Officer Underwood "grabbed [appellant] to apprehend him" but that appellant "pulled away and kept walking on."

George Gonzales, a campus groundskeeper, testified that he saw appellant and Officer Underwood talking near the campus information booth. Gonzales testified that appellant turned around as if he were leaving but then "turned right back around and struck the officer in the face" with a closed fist. Gonzales further testified that at the time of the assault, Officer Underwood was in uniform and wearing a badge.

Fred Ballard, the information booth attendant, testified that when he initially observed appellant and Officer Underwood they were standing "face-to-face ... toe-to-toe" and that Officer Underwood was wearing a uniform and badge. Ballard testified that he saw appellant strike Officer

Underwood in the face two times with his fist. According to Ballard, Officer Underwood then wrestled appellant to the ground. During the struggle, appellant attempted to gain control of the officer's gun but was unsuccessful. Eventually, with the assistance of a fellow TWU campus officer and two campus groundskeepers, Officer Underwood was able to subdue and handcuff appellant.

David Trail, also a TWU peace officer, testified that on February 11, 1991, he had warned appellant against trespassing on the TWU campus. Appellant peacefully left the campus after he received the warning. Officer Trail was dispatched to the fight scene on March 27th and helped to subdue the appellant.

Appellant testified in his own defense. Appellant testified that he did not hear Officer Underwood say anything; instead, appellant testified that he was walking near the information booth when he was "grabbed rudely from behind." Appellant stated that the person "grabbed me around my neck" like he was "trying to sling me down or something" and that he "instinctively" turned around "swinging," hitting Officer Underwood with one or two punches. Appellant testified that once he saw that the person who grabbed him was a peace officer, he retreated, but the officer then attacked him.

Officer Underwood did not testify at trial. The record reveals that Officer Underwood suffered lacerations and abrasions to his face, eye, and knuckles as a result of the assault.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153

(1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. See *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ A person commits aggravated assault of a peace officer if he intentionally, knowingly, or recklessly causes bodily injury to a peace officer when the accused knows that the person assaulted is a peace officer and while that peace officer is lawfully discharging an official duty. Tex.Penal Code Ann. § 22.02(a)(2)(A) (Vernon Supp.1993). The accused is presumed to have known the person assaulted was a peace officer if the officer was wearing a distinctive uniform indicating his employment as a peace officer. Tex.Penal Code Ann. § 22.02(b) (Vernon 1989). The evidence before us is undisputed that Officer Underwood was wearing an official uniform at the time of the incident.

Appellant claims that the evidence was insufficient to show that Officer Underwood was lawfully discharging an official duty. Appellant supports this proposition by arguing that there was no testimony by Officer Underwood concerning probable cause to arrest appellant for trespass or that he was aware that appellant had previously been warned to stay off of the TWU campus. The State was not required to prove the elements of criminal trespass,

however, because appellant was on trial for aggravated assault on a peace officer, a completely different offense. *See Craig v. State*, 594 S.W.2d 91, 94 (Tex.Crim.App. [Panel Op.] 1980). We find the evidence sufficient to show that Officer Underwood was engaging in the lawful discharge of an official duty when he attempted to arrest appellant.

■ Appellant also argues that he was justified in resisting arrest because the record contains evidence of excessive force being used during the arrest. The general rule is that the use of force to resist arrest is not justified, even if the arrest is illegal. *Id.* An exception to the rule exists when the peace officer uses or attempts to use greater force than necessary to make the arrest or search. In that situation, the actor may use only the degree of force immediately necessary to protect himself against the peace officer's use of greater force than necessary. Tex.Penal Code Ann. § 9.31(c)(1) and (2) (Vernon 1974).

■ The trier of fact is to determine the credibility of the witnesses and the weight to be given their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim. App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The trier of fact is entitled to accept one version of the facts and reject another or reject the testimony of any witness. *Id.* The trial court, sitting as the trier of fact, chose not to accept appellant's version of the incident. Based upon the record before us, we do not believe that the trial court abused his discretion in doing so.

We find the evidence sufficient to support the conviction. Point of error three is overruled.

The judgment of the trial court is affirmed.