NO. 12-04-00057-CR
NO. 12-04-00058-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 
WILLIAM ANDERSON NORMAN, III.,           §               APPEALS FROM THE 173RD
APPELLANT
 
V.                                                                           §               JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                          §               HENDERSON COUNTY, TEXAS
                                                                                                                                                              
MEMORANDUM OPINION
            William Anderson Norman appeals his convictions for aggravated assault and escape, for which
he was sentenced to imprisonment for life and twenty years respectively. Appellant raises one issue
on appeal. We affirm.
 
Background
            Appellant was charged by separate indictments with the offenses of aggravated assault and
escape. The indictments each contained an enhancement paragraph related to a prior conviction for
aggravated assault with a deadly weapon. Appellant pleaded guilty as charged with regard to the
allegations in each indictment and pleaded “true” with respect to each enhancement paragraph.


 
            A sentencing hearing was held on January 8, 2004. The trial court found Appellant guilty as
charged in both causes. The trial court further accepted Appellant’s plea of “true” to the respective
enhancement paragraphs, expressly finding that the plea was freely and voluntarily made. However,
the trial court did not expressly make an express finding of “true” on the record with respect to the
enhancement paragraphs. Ultimately, the trial court sentenced Appellant to imprisonment for life with
respect to the aggravated assault charge and to imprisonment for twenty years with respect to the escape
charge. This appeal followed.

Express finding of Truth
            In his sole issue, Appellant argues that absent an express finding of “true” with respect to the 
enhancements charged, the sentence imposed by the trial court was outside of the statutory range of
punishment and, therefore, illegal. However, by not objecting to the trial court’s failure to expressly
find the enhancement in each case to be true, Appellant has waived such an issue on appeal. See
Garner v. State, 858 S.W.2d 656, 659 (Tex. App.–Fort Worth 1993, pet. ref’d); Tex. R. App. P.
33.1(a).
            Yet, even if Appellant had properly preserved error, the outcome would not differ. While it is
a better practice for a trial court to orally read the enhancement paragraphs and find them to be true or
false on the record, a trial court does not err by failing to do so when it assesses punishment instead of
a jury. See Garner, 858 S.W.2d at 660. Here, Appellant pleaded “true” to the enhancement paragraph
in each case.


 Furthermore, the pen pack admitted into evidence in each cause supports a finding that
the respective enhancement paragraph is true. We hold that the trial court did not err in failing to
expressly find that the enhancement allegations in each cause were true. Appellant’s sole issue is
overruled.

Disposition
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
                                                                                                     SAM GRIFFITH 
                                                                                                               Justice
Opinion delivered December 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

(DO NOT PUBLISH)