Opinion filed March 30, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00117-CR 

 

                                                    __________

 

                                CHARLES KELLY ADAMS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,459-A

 



 

                                                                   O
P I N I O N

 

The jury convicted Charles Kelly Adams of
possession of methamphetamine.  The trial
court found the enhancement paragraphs to be true and assessed punishment at 3
years confinement.  We affirm.








There is no challenge to the sufficiency of the
evidence.  The record shows that Officer
Adam Becker and Officer Terrell Lynn Perkins Jr. of the Abilene Police Department
responded to a call regarding a possible disturbance.  After arriving at the scene, the officers
spoke with appellant.  Officer Becker
testified that appellant Aappeared
to be either under the influence of some drug or possibly have mental problems.@ 
Appellant was placed under arrest upon an outstanding warrant, and
Officer Becker conducted a search of appellant. 
Officer Becker found a glass pipe commonly used to smoke narcotics.  Officer Becker stated that appellant began to
shake his right leg.  Another officer
recovered a plastic baggie on the ground by appellant=s
right leg.  The baggie contained a white
substance that was later determined to be .21grams of methamphetamine.

In his first issue on appeal, appellant argues
that the trial court erred in denying his motion for continuance.  After the jury was sworn, appellant informed
the trial court that he was not satisfied with his court-appointed
counsel.  Appellant stated that his trial
counsel had advised appellant not to testify, did not plan to call appellant=s nephews and one other witness requested
by appellant to testify, had not conducted proper discovery, and had not kept
appellant informed on the progress of the case. 
The trial court asked appellant what he was requesting of the court.  Appellant responded that he wanted his trial
counsel removed from the case and that appellant would try to find someone Amore suitable@
to represent him.   The trial court took
appellant=s statement
as a request for a continuance. 

The State responded that Athe
time for requesting another lawyer to represent himself has passed.@ 
The State asked the trial court to continue the case as scheduled.  Appellant=s
trial counsel stated that he had conducted discovery and discussed the case
with appellant.  Trial counsel discussed
a plea offer from the State with appellant, as well as the Aproblems with the case.@ 
Trial counsel also informed appellant that the witnesses he wished to
call would not help his case and that it would not be in appellant=s best interest to testify on his own
behalf.  

The trial court denied the motion for continuance
and informed appellant he could proceed with his appointed counsel or represent
himself at trial.  The trial continued
with appointed counsel representing appellant. 


The trial court=s
ruling on a motion for continuance is reviewed for abuse of discretion. Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); Heiselbetz v.
State, 906 S.W.2d 500 (Tex. Crim. App. 1995).  To establish an abuse of discretion, there
must be a showing that the defendant was actually prejudiced by the denial of
his motion.  Janecka, 937 S.W.2d
at 468; Heiselbetz, 906 S.W.2d at 511. 









Although appellant disagreed with the advice of
his trial counsel, appellant is not entitled to appointed counsel of
choice.  Dunn v. State, 819 S.W.2d
510, 520 (Tex. Crim. App. 1991).  
Appellant did not state that he would be able to retain counsel if
granted a continuance.  Appellant=s trial counsel stated that he had
conducted discovery and that he was ready to proceed with the trial.  Appellant has not shown that the trial court
abused its discretion in denying his motion for continuance.  Appellant=s
first issue on appeal is overruled.

In his second issue on appeal, appellant complains
that the trial court erred by considering testimony regarding prior convictions
alleged for enhancement prior to appellant=s
plea to those enhancement allegations. 
During the punishment phase of the trial, appellant acknowledged his
previous convictions alleged in the indictment as enhancement paragraphs.  Appellant stated that he did not Ahave a problem@
with his criminal history as reported in the presentence investigation report.
At the conclusion of appellant=s
testimony, the State inquired whether appellant had entered a formal plea to
the enhancement paragraphs.  The trial
court responded that there was no formal plea. 
Appellant=s trial
counsel stated that appellant had admitted the prior convictions.  Appellant waived the reading of the
enhancement paragraphs and entered a plea of true to the allegations. The trial
court stated that it was not necessary to offer the punishment evidence again,
and the attorneys proceeded with their closing arguments. 

There is no requirement that the enhancement
paragraphs be orally read to the defendant when punishment is assessed by the
trial court alone.  Reed v. State,
500 S.W.2d 497, 499 (Tex. Crim. App. 1973); 
Garner v. State, 858 S.W.2d 656, 659 (Tex. App.CFort Worth 1993, pet. ref=d). 
Moreover, appellant offered no objection when the enhancement paragraphs
were not read prior to appellant=s
testimony at the punishment phase of the trial and, therefore, has not
preserved his complaint for review.  Jones,
111 S.W.3d 600 (Tex. App.CDallas
2003 pet. ref=d); Garner,
858 S.W.2d at 659.  Additionally, appellant
has not shown any harm in the failure to read the enhancement paragraphs before
appellant=s
testimony admitting the allegations.  Tex. R. App. P. 44.2(b); see Jackson
v. State, 105 S.W.3d 321 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  Appellant=s
second issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

March 30, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.