

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00253-CR

**GEORGE DERRICK HARRISON,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

_____

**From the 278th District Court
Walker County, Texas
Trial Court No. 23705**

## MEMORANDUM  OPINION

Appellant George Derrick Harrison was charged by indictment with the offense of aggravated assault.  A jury found Harrison guilty, and he elected to have the trial court assess his punishment.  The indictment contained two enhancement paragraphs. At the sentencing hearing, Harrison pleaded true to the first enhancement paragraph and not true to the second.  The trial court assessed Harrison's punishment at thirty years' imprisonment.  The judgment reflects a finding of true to the first enhancement

paragraph and "N/A" to the second.  In two issues, Harrison appeals the trial court's judgment.  We will affirm.

In his first issue, Harrison contends that the trial court erred because it applied an incorrect punishment range when assessing his punishment.  Harrison acknowledges that his counsel did not object to this alleged error at trial; however, he argues that the error is reversible because the trial court committed fundamental error and imposed an illegal sentence.

A "void" or "illegal" sentence is one that is not authorized by law.  *Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (per curiam) (sentence of twenty-five years' imprisonment for offense for which maximum range of punishment was two years' imprisonment was illegal).  The punishment for aggravated assault, enhanced by one prior felony conviction, is imprisonment for life or for any term of not more than ninety-nine years or less than five years and a possible fine not to exceed $10,000.  *See* TEX. PEN. CODE ANN. §§ 12.32, 12.42(b), 22.02 (Vernon 2003).  The trial court assessed Harrison's punishment at thirty years' imprisonment, well within the applicable punishment range.  Thus, Harrison did not receive an illegal sentence.

Nevertheless, Harrison appears to argue that because the trial court did not state its findings as to the enhancement paragraphs on the record at the sentencing hearing, the trial court did not find the first enhancement paragraph true and the applicable

punishment range is thus only imprisonment for any term of not more than twenty years or less than two years and a possible fine not to exceed $10,000. *See id.* §§ 12.33, 22.02. But the trial court's judgment clearly indicates a finding of true to the first enhancement paragraph. Furthermore, Harrison failed to preserve any argument about the trial court's failure to state on the record its findings as to the enhancement paragraphs because he did not make that objection to the trial court. *See* TEX. R. APP. P. 33.1(a); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd). Moreover, while it is the better practice for trial courts to orally read the enhancement paragraphs and find them to be true or false on the record, the trial court did not err by failing to do so since the trial court assessed punishment instead of a jury. *Garner*, 858 S.W.2d at 660.

Harrison also argues that if we determine that the trial court found the first enhancement paragraph true, the court still committed fundamental error because, despite the sentence falling within the correct punishment range, the court based its punishment assessment on a punishment range of fifteen to ninety-nine years or life. However, even if we were to conclude that Harrison is correct, this is a case of invited error.

The law of invited error estops a party from making an appellate error of an action he induced. *Prytash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999); *Pedraza v. State*, 69 S.W.3d 220, 224 (Tex. App.—Corpus Christi 2001, no pet.). This rule applies whether or not the error is perceived to be fundamental. *Franks v. State*, 90 S.W.3d 771,

781 (Tex. App.—Fort Worth 2002, no pet.); *see Cadd v. State*, 587 S.W.2d 736, 741 (Tex. Crim. App. 1979) (op. on reh'g).

At the sentencing hearing, Harrison's counsel was the first to suggest that the applicable punishment range was imprisonment for fifteen to ninety-nine years or life. After a discussion in which Harrison's counsel, the State, and the trial court concluded that the second enhancement paragraph was inapplicable, Harrison's counsel stated, "Fifteen year minimum instead of twenty-five." The trial court then asked Harrison's counsel, "Minimum fifteen to life or ninety-nine?" Harrison's counsel replied, "Yes, sir." Based on this exchange, we conclude that Harrison is estopped from complaining on appeal that the trial court committed fundamental error by basing its punishment assessment on an incorrect punishment range. Accordingly, we overrule his first issue.

In his second issue, Harrison contends that the trial court abused its discretion and denied him due process by failing to address the pretrial motions filed on his behalf. However, it appears that all of the pretrial motions were ruled on or that Harrison failed to preserve his complaints.

Before trial, Harrison filed a number of motions. As Harrison points out in his brief, the substance of some of the motions had already been addressed in the trial court's standing discovery order. The substance of some of the other motions had not yet been addressed. During the pretrial hearing, Harrison presented several of his motions. The trial court denied Harrison's Motion for Discovery of Grand Jury Transcripts and stated that his Motion for Discovery of Punishment Evidence was addressed in the standard discovery order. However, the trial court refused to rule on

Harrison's Motion to Prevent State from Reading or Alluding to Nonjurisdictional Enhancement Count at or Before Guilt/Innocence Phase, and the court stated it was not going to grant Harrison's Motion in Limine but that those objections should be made at trial. The other previously filed motions were not presented to the trial court at that time.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Harrison did not object to the trial court's refusal to rule on any of his motions; thus, he may not now complain on appeal of the trial court's refusal to rule.

In his brief, Harrison complains specifically about the trial court's refusal to rule on his Motion for Discovery of the Arrest and Conviction Records of State's Witnesses. But it does not appear that Harrison presented this motion to the trial court, that the trial court ruled on the motion, or that Harrison objected to any refusal to rule. Harrison also complains specifically that the trial court refused to rule on his Motion in Limine, which resulted in extraneous offenses being admitted into evidence before the jury. But Harrison acknowledges in his brief that "[d]uring trial, counsel did not object

upon the elicitation of these extraneous offenses and the jury argument relying on the same." Thus, even if the trial court had granted Harrison's Motion in Limine, his complaint about the admission of extraneous offenses would not be preserved. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) ("[A] motion in limine does not preserve error."). For these reasons, we overrule Harrison's second issue.

Having overruled Harrison's two issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed June 3, 2009
Do not publish
[CRPM]