

# NUMBER 13-19-00460-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOSE ABRAHAM MOLINA A/K/A ABRAHAM
MOLINA A/K/A JOSE MOLINA,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Perkes
### Memorandum Opinion by Chief Justice Contreras

Following a trial in August 2019, appellant Jose Abraham Molina a/k/a Abraham Molina a/k/a Jose Molina was convicted of indecency with a child by contact and was sentenced to thirteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). On appeal, he contends by four issues that the trial court erred by granting a mistrial when

the jury failed to reach a verdict after his initial trial for the offense in February 2019. We affirm.

## I. BACKGROUND

On May 23, 2018, appellant was indicted on one count of indecency with a child by contact. *See id.* Jury selection took place on February 18, 2019, and testimony on guilt/innocence was heard over the next three days. The record reflects that the jury began deliberations at 2:21 p.m. on February 21, 2019. On February 22, 2019, the jury sent the following note to the trial court: "What do we do if we are at a stalemate in this deliberation?" Without objection, the trial court issued an *Allen* charge and instructed the jury to continue deliberating.[1] Later that day, at around 4:00 p.m., the jury sent another note to the court stating: "After continued deliberation this jury is still deadlocked. There are 'strongly decideds' on both sides—those have positively affirmed that they will NOT change or surrender their honest conviction of guilt/innocence." The trial court read the note into the record and stated: "So I don't think I have any choice but to declare a

---

[1] An *Allen* charge is a supplemental charge that may be given to a jury that declares itself deadlocked. *See Allen v. United States*, 164 U.S. 492, 501 (1896); *Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006). The *Allen* charge in this case stated:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The Indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be empanel[]ed in the same way this jury has been empanel[]ed and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.

> With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.

> If you fail to reach a verdict, this case may have to be tried before another jury. Then all of our time will have been wasted.

> Accordingly, I return you to your deliberations.

mistrial." Defense counsel replied: "Yes, Your Honor." The court then discussed potential dates for a retrial.

Appellant was retried between August 26 and 28, 2019. This time, the jury reached a verdict after about six hours of deliberation. Appellant was found guilty and sentenced as set forth above, and this appeal followed.

## II. DISCUSSION

### A. Applicable Law

When a jury is unable to agree on a verdict, "the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree." TEX. CODE CRIM. PROC. ANN. art. 36.31. If a jury is discharged in this manner without having rendered a verdict, the code of criminal procedure allows the cause to be tried again "at the same or another term." *Id.* art. 36.33.

But a court's ability to conduct a re-trial under this statute is limited by the United States and Texas Constitutions, both of which prohibit a defendant from twice being put in jeopardy for the same offense. *See* U.S. CONST. amend. V, XIV; TEX. CONST. art. I, § 14. Jeopardy attaches once a jury is empaneled and sworn, and the defendant possesses the right to have his guilt or innocence determined by the first trier of fact. *Ex parte Garrels*, 559 S.W.3d 517, 522 (Tex. Crim. App. 2018); *Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981). Consequently, if the jury is empaneled and sworn but later discharged without having reached a verdict, double jeopardy principles will generally bar retrial. *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995); *see Green v. United States*, 355 U.S. 184, 188 (1957) (noting that "a defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his

3

consent he cannot be tried again").

Retrial is not constitutionally barred, however, if the defendant consents to a retrial, or if some form of "manifest necessity" mandates a retrial. *Garrels*, 559 S.W.3d at 522; *Torres*, 614 S.W.2d at 441; *see Oregon v. Kennedy*, 456 U.S. 667, 683 (1982) (Stevens, J., concurring) (observing the general rule that "the defendant's motion for, or consent to, a mistrial removes any double jeopardy bar to reprosecution"); *United States v. Perez*, 22 U.S. 579, 580 (1824) ("[T]he law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."). "Manifest necessity exists when the circumstances render it impossible to arrive at a fair verdict, when it is impossible to continue with trial, or when the verdict would be automatically reversed on appeal because of trial error." *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) (citing *Brown*, 907 S.W.2d at 839).

A trial court's discretion to grant a mistrial based on manifest necessity is limited to "very extraordinary and striking circumstances." *Id.* That said, "great deference" is given to a manifest necessity finding when based on the trial court's belief that the jury is unable to reach a verdict. *Arizona v. Washington*, 434 U.S. 497, 509–10 (1978) (noting that a deadlocked jury has "long [been] considered the classic basis for a proper mistrial"); *see Tibbs v. Florida*, 457 U.S. 31, 42 (1982) ("A deadlocked jury, we consistently have recognized, does not result in an acquittal barring retrial under the Double Jeopardy Clause.").

**B. Analysis**

By his four issues on appeal, appellant contends: (1) the granting of a mistrial *sua sponte* was error; (2) the trial court made no explicit finding of "manifest necessity"; (3) the jury was given insufficient time to deliberate; (4) appellant's failure to timely object to the mistrial does not bar his claim; and (5) the doctrine allowing a mistrial based on "manifest necessity" should be "revisited and rejected."

In response, the State alleges in part that the issues have not been preserved for review because appellant did not object below to the granting of a mistrial. We agree that appellant's issues have not been preserved. Not only did appellant fail to object to the mistrial at the time it was ordered, he also failed to object to the retrial—on double jeopardy or any other grounds—at any time, including in this appeal.

Appellant's arguments focus on the notion that there was no "manifest necessity" to grant a mistrial in February 2019, despite the fact that the jury deliberated for at least seven hours, was given an *Allen* charge, and twice reported that it was deadlocked. But appellant does not explicitly address whether he consented to the mistrial or the subsequent retrial. *See Garrels*, 559 S.W.3d at 522. A defendant who does not object to a declaration of mistrial, despite an adequate opportunity to do so, may impliedly consent to the mistrial and thereby waive any complaint on appeal. *Id.*; *Torres*, 614 S.W.2d at 441. Consent to a mistrial need not be express but "may be implied from the totality of circumstances attendant to a declaration of mistrial." *Torres*, 614 S.W.2d at 441 (citing *United States v. Gori*, 367 U.S. 364, 369 (1961)); *Garner v. State*, 858 S.W.2d 656, 658 (Tex. App.—Fort Worth 1993, pet. ref'd).

Citing *Garrels*, appellant contends generally that "[a] defendant does not agree by

5

his silence."[2] However, *Garrels* merely clarified that a defendant's failure to object to mistrial *alone* is not enough to establish the defendant's consent—instead, consent must "appear in the record as a deliberate 'relinquishment' on the defendant's part . . . if it is to be relied upon as a reason to allow the State to re-prosecute" the defendant. 559 S.W.3d at 523; *see id.* at 525 (finding no consent where "the only fact that the State marshaled in support of the conclusion that Garrels had impliedly consented to the mistrial was the lack of an objection on the record").

As in *Garrels*, the particular error that appellant alleges and seeks to redress here is not the mistrial order itself—rather, it is the trial court allowing his reprosecution to proceed in purported violation of his double jeopardy rights. *See id.* But in *Garrels*, the defendant filed an application for writ of habeas corpus before her retrial, thereby alerting the trial court to her specific complaint and preserving the issue for appeal after her eventual conviction. *Id.*; *see* TEX. R. APP. P. 33.1(a)(1). Appellant, on the other hand, has done nothing of the sort. He did not object to the mistrial when it was ordered—instead, his counsel stated "Yes, Your Honor." He did not file a special plea alleging that he was already prosecuted for the charged offense and that the former prosecution was improperly terminated. *See* TEX. CODE CRIM. PROC. ANN. art. 27.05(3); *Torres*, 614 S.W.2d at 441 (noting that "appellant filed a special plea of former jeopardy that was overruled by the court"). He did not alert the trial court to his complaint by any pleading or motion, written or oral, either before, during, or after his retrial.

Considering the totality of the circumstances, we cannot say that appellant's issues

_____

[2] By his fourth issue, appellant baldly contends that his failure to object to the mistrial does not bar his complaint on appeal. However, aside from the general claim that "[a] defendant does not agree by his silence," appellant's briefing as to this issue concerns only whether he suffered harm as a result of the mistrial, not whether he consented to the mistrial.

concerning the propriety of the mistrial have been preserved. Instead, appellant failed to object to the mistrial or retrial despite being afforded an adequate opportunity to do so. *See Garrels*, 559 S.W.3d at 522. The "deliberate relinquishment" of his right to object to the mistrial or the retrial is firmly established in the record. *See id.* at 523; *Torres*, 614 S.W.2d at 441; *see also Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (noting that "even constitutional error . . . may be forfeited if the appellant failed to object" in the trial court).[3] Accordingly, we overrule appellant's issues.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of December, 2020.

---

[3] We note that, because of the "fundamental nature" of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal if: (1) "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record"; and (2) "enforcement of the usual rules of procedural default serves no legitimate state interest." *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006). Appellant does not argue that these prongs have been met. In any event, in light of our conclusion that appellant consented to the mistrial, there is no double jeopardy violation clearly apparent on the face of the record. *See Oregon v. Kennedy*, 456 U.S. 667, 683 (1982) (Stevens, J., concurring) ("[T]he defendant's motion for, or consent to, a mistrial removes any double jeopardy bar to reprosecution.").