

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00268-CR

_____

MANUEL JONATHAN PATTERSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1726314R

---

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In two issues, Appellant Manuel Jonathan Patterson asks us (1) to modify the trial court's three judgments to correctly reflect that the trial court—not the jury—assessed his punishment and (2) to delete the trial court's "found true" enhancement-paragraph finding in each judgment. We will sustain Patterson's first issue but overrule his second, and we will affirm the judgments as modified.

## I. Background

In a single indictment, the State charged Patterson with four counts: continuous sexual abuse of a child; aggravated sexual assault of a child; and two counts of indecency with a child by contact. The indictment also included a enhancement paragraph alleging that Patterson "was finally convicted of the felony offense of burglary of a habitation" in Tarrant County Criminal District Court Number Three on December 8, 2009.

Patterson elected to have the trial court assess his punishment, and he pleaded not guilty to each count. A jury acquitted Patterson of continuous sexual abuse of a child but found him guilty of aggravated sexual assault of a child and on both counts of indecency with a child by contact.

During the punishment trial, Patterson pleaded true to the enhancement paragraph as alleged in the indictment. The trial court ensured that Patterson

understood his plea's consequences[1] and accepted his plea. After hearing the punishment evidence, the trial court assessed Patterson's punishment at 45 years' confinement for aggravated sexual assault and 12 years' confinement on each of the indecency-with-a-child-by-contact offenses. When the trial court sentenced Patterson, it made no finding on the enhancement paragraph. The following day, October 28, 2022, the trial court held a "supplemental" sentencing hearing and found the enhancement paragraph to be true.

Each of the three judgments—which were entered on October 27, 2022, the same day that Patterson was sentenced—states that the jury assessed Patterson's punishment and that the trial court found the enhancement paragraph to be true.[2] Patterson has appealed and asks us (1) to modify each of the judgments to reflect that the trial court assessed his punishment and (2) to delete the trial court's finding in each judgment that the enhancement paragraph is true because the trial court erred by

---

[1]Aggravated sexual assault of a child, a first-degree felony, carries an applicable punishment range of five to 99 years or life in prison, *see* Tex. Penal Code Ann. §§ 12.32(a), 22.021(a)(1)(B), (a)(2)(B), (e), and indecency with a child by contact, a second-degree felony, carries an applicable punishment range of two to 20 years in prison, *see id.* §§ 12.33(a), 21.11(a)(1), (c), (d). Patterson's previous final felony conviction, if found true, would increase the punishment range for aggravated sexual assault of a child to 15 to 99 years or life in prison and the punishment range for indecency with a child by contact to that of a first-degree felony. *See id.* § 12.42(b), (c)(1).

[2]The trial court signed an acquittal judgment on the continuous-sexual-abuse-of-a-child count.

3

holding a supplemental sentencing hearing the day after he was sentenced. The State agrees. We address each issue in turn.

## II. Judgment Modifications

In Patterson's first issue, he points out that the judgments incorrectly reflect that the jury, not the trial court, assessed his punishments. We have the power to modify a trial court's judgment to make it speak the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Here, the record reflects that the trial court assessed Patterson's punishment for each offense. We thus sustain Patterson's first issue, and we will modify the judgments to state that the trial court, not the jury, assessed Patterson's punishment. *See Badger v. State*, No. 02-18-00475-CR, 2019 WL 5089761, at *10 (Tex. App.—Fort Worth Oct. 10, 2019, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect that the trial court, not the jury, assessed punishment); *see also Marin v. State*, No. 05-19-01160-CR, 2021 WL 4726521, at *2 (Tex. App.—Dallas Oct. 11, 2021, pet. ref'd) (mem. op., not designated for publication) (same).

## III. The Trial Court's Enhancement-Paragraph Findings

Patterson's second issue challenges the trial court's "found true" enhancement-paragraph findings. Patterson argues that the trial court erred by holding a supplemental sentencing hearing to find the enhancement paragraph true the day after

he was originally sentenced. *See State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005) (explaining that a trial court retains plenary power to modify a defendant's sentence if the defendant timely files a new-trial motion or a motion in arrest of judgment or if the modification (1) is made on the same day as the original sentencing; (2) occurs before the court has adjourned for the day; (3) is made "in the presence of the defendant, his attorney, and counsel for the state"; and (4) "the modified sentence is authorized by statute"). He contends that without a new-trial motion, the trial court lacked authority to sua sponte make those findings or to modify Patterson's sentences the day following sentencing. *See id.* He thus asks us to delete the "found true" enhancement-paragraph finding in each judgment.

Although the State agrees with Patterson, we are not bound by any agreement or concessions by the parties on a legal issue. *See Oliva v. State*, 548 S.W.3d 518, 520 (Tex. Crim. App. 2018). When, as here, the trial court assesses a defendant's punishment, the court is not required to read the indictment's enhancement paragraph to the defendant or make an oral finding on the record concerning the enhancement paragraph. *See Garner v. State*, 858 S.W.2d 656, 659–60 (Tex. App.—Fort Worth 1993, pet. ref'd); *see, e.g.*, *Cuellar v. State*, Nos. 07-20-00057-CR, 07-20-00058-CR, 2020 WL 5931048, at *3 (Tex. App.—Amarillo Oct. 6, 2020, no pet.) (mem. op., not designated for publication); *Davis v. State*, No. 05-14-01374-CR, 2016 WL 310093, at *6 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op., not designated for publication). "Although it is preferred that trial courts read the enhancement

paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Garner*, 858 S.W.2d at 660); *see, e.g., Cuellar*, 2020 WL 5931048, at *3; *Davis*, 2016 WL 310093, at *6. A trial court does not err by failing to announce its enhancement findings in open court prior to sentencing so long as it appears from the record that the court found the enhancement true and entered the sentence accordingly. *See Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Garner*, 858 S.W.2d at 660); *see, e.g., Cuellar*, 2020 WL 5931048, at *3–4; *Davis*, 2016 WL 310093, at *6.

Here, Patterson pleaded true to the enhancement paragraph, and the trial court accepted his plea, assessed his punishment at 45 years' confinement for aggravated sexual assault and 12 years' confinement on each of the indecency-with-a-child-by-contact offenses, and sentenced him accordingly. All three sentences were within the enhanced punishment range for each of the offenses.[3] *See* Tex. Penal Code Ann. §§ 12.32(a), 12.33(a), 12.42(b), (c)(1), 21.11(a)(1), (d), 22.021(e). The trial court's written judgments reflect that the trial court found the enhancement paragraph true. Because the trial court did not err by failing to orally pronounce its enhancement findings in open court when sentencing Patterson, the trial court's findings in its

---

[3]We note that the sentences were also within the unenhanced punishment range for each offense. *See* Tex. Penal Code Ann. §§ 12.32(a), 12.33(a), 12.42(b), (c)(1), 21.11(a)(1), (d), 22.021(e). Reforming the judgments to delete the findings of true would not shorten the length of Patterson's sentences.

written judgments were not in error. *See Seeker*, 186 S.W.3d at 39 ("Under these circumstances, in which the trial court has no duty to make an oral finding of true or not true on an enhancement paragraph, we hold that the finding of true recited in the written judgment of conviction is not inconsistent with the trial court's oral silence concerning the finding."); *see also Epps v. State*, Nos. 05-07-00040-CR, 05-07-00041-CR, 05-07-00042-CR, 2007 WL 2446546, at *3 (Tex. App.—Dallas Aug. 17, 2007, no pet.) (not designated for publication) ("Because the trial court had no duty to make an oral finding of true or not true on the enhancement paragraph, we conclude the finding of true recited in the written judgment of conviction is not inconsistent with the trial court's oral silence concerning the finding."). We thus decline to delete the enhancement-paragraph findings and overrule Patterson's second issue.

## IV. Conclusion

Because we have sustained Patterson's first issue, we modify the trial court's judgments on Count Two, Count Three, and Count Four to reflect that the trial court assessed Patterson's punishment. Having overruled Patterson's second issue, we affirm the trial court's judgments as modified.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 4, 2024