**AFFIRMED as MODIFIED and Opinion Filed April 9, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-22-01196-CR**
**No. 05-22-01197-CR**

**MANUEL RUIZ REYNA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2057445-P, F-2057444-P**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Reichek

Manuel Ruiz Reyna appeals his convictions for burglary of a habitation with intent to commit a felony and aggravated assault with a deadly weapon. Appellant contends the trial court showed bias or prejudice in allowing the State to reopen its case on punishment after resting. He additionally contends the judgments should be modified to (1) accurately reflect the names of the prosecutor and defense counsel and (2) delete references to a second enhancement paragraph. We agree the judgments should be modified in the manner requested by appellant. Additionally, on our own motion, we conclude the judgments should be corrected to reflect that

punishment was assessed by the trial court rather than the jury. As reformed, we affirm.

## Background

Appellant was indicted for burglary and aggravated assault with a deadly weapon after he broke into his ex-girlfriend's apartment and assaulted her then boyfriend with a gun. A jury trial was conducted on both charges on May 4, 2023. Appellant was found guilty in each case.

After the jury returned its verdict on guilt, appellant elected to have the trial court assess punishment. The punishment portion of the trial was reset to allow time for a pre-sentencing report to be done.

Trial resumed on October 22. When the cases were called, the State began by offering State's exhibit 77, which was appellant's stipulation to a prior conviction that was alleged as a punishment enhancement in the indictments for each case. The stipulation was read into the record and admitted into evidence along with appellant's fingerprints, a certified judgment from the prior case, and appellant's pen packet. The State then rested.

As the trial court began discussing the enhanced punishment range, defense counsel interjected that, while he did not want to be "a stickler for the law," the State had rested its case without formally presenting the enhancement allegation or allowing appellant the opportunity to enter his plea to the enhancement. Because of this, defense counsel argued the State had technically abandoned the enhancement.

–2–

The trial court agreed stating, "[U]nless the State is asking to reopen, then [defense counsel] is absolutely correct."

The State responded that appellant's stipulation showed he was notified of the enhancement, and that he was pleading true to it. But, "just to make the record clear," the State asked to reopen the case for punishment purposes only. The trial court restarted the punishment proceeding, and the State formally presented the enhancement paragraph for each indictment. After noting his objection to allowing the State to reopen the case, appellant pleaded true to the enhancement.

Based on the evidence presented, the trial court sentenced appellant to thirty years in prison for each offense. Appellant brought this appeal.

**Analysis**

## I. Judicial Bias

In his first issue, appellant contends the trial court ceased to be a neutral arbiter when it allowed the State to reopen its case on punishment after it failed to present the enhancement allegation and obtain appellant's plea. Appellant argues the trial court stepped out of its neutral role when it "sua sponte told the State how to rectify the situation with a motion to reopen." A defendant is entitled to a fair trial before a judge with no actual bias against him or interest in the outcome of his particular case. *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997). Due process requires the judge be neutral and detached. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Accordingly, a judge should not act as an advocate or adversary for any

party. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). To reverse a judgment on the ground of improper conduct or comments of the judge, however, we must find (1) judicial impropriety was in fact committed, and (2) probable prejudice to the complaining party. *Id*. Where, as here, no extrajudicial source of bias is alleged, remarks will constitute bias only if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible. *Id*. A judge's ordinary efforts at courtroom administration will not support a charge of bias or partiality. *Liteky v. United States*, 510 U.S. 540, 556 (1994).

We first note that defense counsel's argument at trial regarding the State's purported abandonment of the enhancement allegation was erroneous. There is no requirement that enhancement paragraphs be orally read to the defendant when punishment is assessed by the trial court alone. *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd). Nor is an oral plea required when the defendant has previously stipulated to the enhancement allegations and punishment is not assessed by a jury. *Id*. It was not necessary, therefore, for the State to reopen the case.

As for the court's reference to reopening the case, we conclude this was nothing more than the trial court's effort to maintain an orderly and technically proper proceeding. Appellant's stipulation was already in evidence showing he was aware of the enhancement allegation and that he intended to plead true. The fact

–4–

that the State offered the stipulation into evidence, along with other documents showing appellant's guilt of the prior offense, indicated the State had no intention of abandoning the enhancement allegation. We review the entire record to determine whether there has been a clear showing of bias. *Dockstader*, 233 S.W.3d at 108. We conclude none is presented on this record. We resolve appellant's first issue against him.

## II. Judgment Modifications

In his second issue, appellant contends the judgment in each of his cases needs to be modified to reflect the correct name of the prosecutor and defense counsel and to delete any reference to a second enhancement paragraph. We agree. In addition, the judgments improperly indicate that punishment was assessed by the jury rather than the trial court. This Court has the power to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd). Accordingly, we modify the judgments in both trial court case number F-2057445-P and trial court case number F-2057444-P in the following manner: The "Attorney for State" portion of the judgment is modified to state "Samantha Jarvis," the "Attorney for Defendant" portion of the judgment is modified to state "Vickers Cunningham," the "2nd Enhancement Paragraph" portion of the judgment is modified to state "N/A," the "Finding on 2nd Enhancement Paragraph" portion of

the judgment is modified to state "N/A," and the "Punishment Assessed by" portion

of the judgment is modified to state "Trial Court."

As modified, we affirm the trial court's judgments.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221196F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANUEL RUIZ REYNA, Appellant

No. 05-22-01196-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-57445-P. Opinion delivered by Justice Reichek. Justices Carlyle and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The "Attorney for State" portion of the judgment is modified to state "Samantha Jarvis," the "Attorney for Defendant" portion of the judgment is modified to state "Vickers Cunningham," the "2nd Enhancement Paragraph" portion of the judgment is modified to state "N/A," the "Finding on 2nd Enhancement Paragraph" portion of the judgment is modified to state "N/A," and the "Punishment Assessed by" portion of the judgment is modified to state "Trial Court."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 9, 2024



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANUEL RUIZ REYNA, Appellant

No. 05-22-01197-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-57444-P. Opinion delivered by Justice Reichek. Justices Carlyle and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The "Attorney for State" portion of the judgment is modified to state "Samantha Jarvis," the "Attorney for Defendant" portion of the judgment is modified to state "Vickers Cunningham," the "2nd Enhancement Paragraph" portion of the judgment is modified to state "N/A," the "Finding on 2nd Enhancement Paragraph" portion of the judgment is modified to state "N/A," and the "Punishment Assessed by" portion of the judgment is modified to state "Trial Court."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 9, 2024