**Robbie Lynn NEWBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–04–00061–CR.

Court of Appeals of Texas, Texarkana.

Submitted June 6, 2005.

Decided July 8, 2005.

---

44. *See id.; Bailey, Vaught, Robertson and Co.,*     888 S.W.2d at 867.

James P. Wheeler, Quitman, for appellant.

Marcus D. Taylor, Dist. Atty., Henry Whitley, Special Asst. Dist. Atty., Quitman, for state.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Robbie Lynn Newby appeals his conviction and sentence for possession of marihuana in an amount greater than four ounces, but less than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 2003). In a single point of error, Newby raises three issues: He challenges (1) the factual and (2) legal sufficiency of the evidence to support the finding that he used or exhibited a deadly weapon during the commission of his offense; and he contends the trial court erred by failing to make an oral finding that he had been twice previously, finally, and sequentially convicted of a felony offense.

■ "The practice of combining two or more separate issues into a single point of error is strongly discouraged, as it often results in the combined point of error being overruled as multifarious." *Harris v. State*, 133 S.W.3d 760, 764 n. 3 (Tex.App.-Texarkana 2004, pet. ref'd) (referencing *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.-Houston [1st Dist.] 2002, no pet.); *Parra v. State*, 935 S.W.2d 862, 875 (Tex. App.-Texarkana 1996, pet. ref'd)). However, in the interest of resolving substantive issues, we will not overrule Newby's point of error as multifarious. Nevertheless, for the reasons stated below, we affirm the trial court's judgment.

## I. Legal and Factual Sufficiency

■ On August 12, 2002, Wood County sheriffs deputies executed a search warrant at Newby's home in Wood County. According to a police check with the local electric utility company, Newby had lived at that residence since March 2000. When they executed the warrant, officers discovered several flower beds around the house in which seventy-eight marihuana plants were growing. Officers also found dried marihuana in an outbuilding on Newby's property. Inside the home, officers discovered more dried marihuana in the living room and seized an SKS assault rifle located in Newby's bedroom. Newby was subsequently arrested and charged with possession of marihuana.

Newby pled "not guilty" and submitted guilt/innocence to a jury. At trial, the court submitted a special issue to the jury asking it to determine whether Newby used or exhibited a firearm during the commission of the charged offense. The jury answered that question affirmatively. Newby now challenges that finding. The deadly weapon finding is important because it affects Newby's parole eligibility. *See* TEX. GOV'T CODE ANN. § 508.145(d) (Vernon 2004); *Coleman v. State*, 145 S.W.3d 649, 652 (Tex.Crim.App.2004).

In *Coleman*, the Texas Court of Criminal Appeals reviewed a case in which the trial court had entered a deadly weapon

finding in its judgment, yet there had been no testimony that Coleman had ever held or "exhibited" the weapon during the offense.[1] Instead, the officers testified they found the 9–millimeter pistol and a .22 rifle inside Coleman's house, but they did not testify that Coleman had been seen displaying or exhibiting the weapon at the time the officers saw Coleman selling illegal narcotics. The Texas Court of Criminal Appeals nevertheless affirmed the trial court's deadly weapon finding. *Id.* at 655. The court first expressly disagreed with Coleman's contention that "where no individual is observed in actual physical control over the weapon, and where the weapon is found a significant distance from the controlled substance, then the evidence is not sufficient to support an affirmative finding of use or exhibition of a deadly weapon during the commission of an alleged narcotics offense." *Id.* at 653–54. The court noted that an accused's distance from the weapon is not dispositive. *Id.* at 654. The court then emphasized that the evidence showed no one else had access to the home, the weapon was found in the same room with mail addressed to Coleman, and Coleman had told police that he lived in the house alone. *Id.* The *Coleman* court ultimately concluded the trial court did *not* err by entering an affirmative deadly weapon finding.

In *Gale v. State*, 998 S.W.2d 221 (Tex. Crim.App.1999), the court similarly affirmed a deadly weapon finding in a narcotics case. In *Gale*, the evidence showed officers found several firearms (including an Uzi-style assault rifle) in the same closet in which they found twenty pounds of narcotics. The Texas Court of Criminal Appeals affirmed the trial court's deadly weapon finding because there had been

uncontroverted testimony that weapons such as those found by the police were often used by drug traffickers to protect their drugs and the proceeds from the sales of illegal narcotics. *Id.* at 225–26.

In this case, Newby was the only person present in the small, four-room house when the officers executed their search warrant. Joyce Box, a deputy with the Wood County Sheriff's Department, testified that most people who have narcotics also have weapons. More specifically, Box testified she generally only sees rifles of the type seen in Newby's bedroom when she assists the narcotics teams in executing drug search warrants.

The house where officers executed the search warrant and arrested Newby had four rooms: a kitchen, a bathroom, one bedroom that had a bed, and a second bedroom that lacked a bed and appeared to be used only for storage. The officers found drug paraphernalia in the house. The rifle that is the subject of the trial court's deadly weapon finding was discovered on the bed in Newby's bedroom. Officers found a telephone bill in the house addressed to Newby. The electric company had listed Newby as the billing addressee at that location since March 2000. And, finally, there was testimony that the rifle in question was located within ten steps of where officers found Newby when they entered the house.

Applying the usual standards for legal and factual sufficiency, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Threadgill v. State*, 146 S.W.3d 654, 664 (Tex. Crim.App.2004), and in light of the Texas Court of Criminal Appeals' jurisprudence

---

1. The evidence showed Coleman was dealing drugs from his vehicle. The police did not find any firearms until they subsequently searched Coleman's home. *Coleman*, 145 S.W.3d at 650–51.

in both *Coleman* and *Gale*, we conclude the evidence to be factually and legally sufficient to support the jury's finding that Newby used or exhibited a deadly weapon during the commission of the charged offense.

## II. The Trial Court's Failure To Make an Oral Pronouncement Regarding the Weapon

Newby next contends the trial court erred by failing to make an oral pronouncement regarding the punishment enhancement allegations. Newby did not raise this objection at the trial court level. Accordingly, nothing has been preserved for our review. *See* TEX.R.APP. P. 33.1(a)(1); *Mendenhall v. State*, 15 S.W.3d 560, 567 (Tex.App.-Waco 2000), *aff'd*, 77 S.W.3d 815 (Tex.Crim.App.2002); *Garner v. State*, 858 S.W.2d 656, 659 (Tex.App.-Fort Worth 1993, pet. ref'd). Moreover, while it is better practice for the trial court to make an oral pronouncement regarding its findings on punishment enhancement allegations, a trial court does not err when it overlooks making that pronouncement, especially when the issue of sentencing is submitted to the court rather than a jury. *Garner*, 858 S.W.2d at 660.

## III. Conclusion

For the reasons stated, we affirm the trial court's judgment.