**Robbie Lynn NEWBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–06–00211–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 17, 2007.

Decided June 1, 2007.

Rehearing Overruled July 24, 2007.

Robbie Lynn Newby, Woodville, pro se.

Henry Whitley, Atty. Pro Tem for State, Holly Lake Ranchy, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

A jury found Robbie Lynn Newby guilty of possession of marihuana in an amount greater than four ounces but less than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 2003). That conviction was affirmed on direct appeal. *Newby v. State*, 169 S.W.3d 413 (Tex.App.-Texarkana 2005, pet. filed). Newby filed a post-conviction motion for DNA testing, asking the trial court to order testing of the plants seized by the police more than four years ago in connection with Newby's underlying criminal conviction. Newby believes current DNA testing will show these items are "Texas State Hybiscus" plants rather than marihuana. According to Newby, the chemist who testified at the trial testified he conducted a single test on a sample of the biological evidence in determining the evidence was marihuana. The trial court denied Newby's motion for post-conviction DNA testing.

In his appeal to this Court, Newby first contends the trial court erred by not inquiring of the State whether the biological material now at issue still exists. Next, Newby contends the trial court erred by denying his request for post-conviction DNA testing. For the reasons stated, we affirm the trial court's judgment.

Pursuant to Chapter 64 of the Texas Code of Criminal Procedure, a court of original conviction may order post-conviction forensic DNA testing of evidence when certain requirements are met. Among these requirements, the trial court must find that the evidence to be tested still exists "and is in a condition making DNA testing possible...." TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A) (Vernon 2006). The trial court must also determine that the evidence to be tested "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any meaningful respect...." *Id.* And the court must determine that identity was at issue at the original trial. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon 2006). In addition, to prevail on the motion for post-conviction DNA testing, the convicted person must establish "by a preponderance of the evidence that: (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice." TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(2) (Vernon 2006).

However, before the trial court should order post-conviction DNA testing, the convicted person must first request such testing through the filing of an application. That application or motion must itself meet several statutory requirements. First, the motion may request forensic DNA testing only of biological material. TEX.CODE CRIM. PROC. ANN. art. 64.01(a), (b) (Vernon 2006). Second, the motion may request forensic DNA testing only of material that was in possession of the State but was not previously subjected to DNA testing because (1) DNA testing was not previously available; (2) if testing was previously available, such testing was "not technologically capable of providing proba-

tive results"; (3) the interests of justice require DNA testing; or (4) although previous DNA testing was conducted, newer testing techniques exist "that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." TEX.CODE CRIM. PROC. ANN. art. 64.01(b).

The cases interpreting this statute all involve the testing of human DNA. *See, e.g., Bell v. State*, 90 S.W.3d 301 (Tex. Crim.App.2002) (human DNA); *Jacobs v. State*, 181 S.W.3d 487 (Tex.App.-Texarkana 2005, pet. ref'd) (fingernails and "scrapings" of human DNA); *In re Fain*, 83 S.W.3d 885 (Tex.App.-Austin 2002, no pet.) (human biological material). In this case, Newby wants to have DNA testing conducted on the *plants* that the State alleged were marihuana. Essentially, Newby now challenges the "identity" of the marihuana that he is alleged to have possessed in violation of Section 481.121 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003). The State counters that this novel use of Chapter 64 testing procedures is not permitted given the legislative history behind the statute; instead, according to the State's brief, such testing should be limited to an evaluation of potential sources for *human* DNA. In support of this argument the State cites Article 38.43 of the Texas Code of Criminal Procedure, which requires the State to preserve evidence known to contain biological material that, if tested, may "establish the identity of the person committing the offense" or to "exclude a person...." TEX.CODE CRIM. PROC. ANN. art. 38.43(b)(A), (B) (Vernon Supp.2006). Both Chapter 64 and Article 38.43 of the Texas Code of Criminal Procedure were included in the legislative act that established procedures for DNA testing. Act of March 22, 2001, 77th Leg., R.S., ch. 2, § 1, 2001 Tex. Gen. Laws 2

(current version at TEX.CODE CRIM. PROC. ANN. art. 38.43 (Vernon Supp.2006)). When all of the provisions pertaining to DNA testing that were enacted by Senate Bill 3 in 2001 are read together, we conclude that the Legislature intended the DNA testing to be limited to determining the identity of a person, not a plant. Further, no other cases have been cited or found in which the testing was authorized to establish the identity of a plant.

■ However, we need not base our decision exclusively on that conclusion, as other considerations also lead us to conclude that the trial court properly denied Newby's application.

First, Newby has made no effort to bring forth an appellate record affirmatively demonstrating that identity of the marihuana was an issue during trial. It is true that Newby challenged the factual and legal sufficiency of the evidence on direct appeal, but that sufficiency challenge concerned only the deadly weapon finding; Newby did *not* challenge the factual and legal sufficiency of the identification of the various plants seized by police as marihuana. *See Newby*, 169 S.W.3d at 414–16; TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (trial court may order testing only after finding, among other things, that identity was issue in case); *cf. Fain*, 83 S.W.3d at 889 (trial court did not err in denying DNA testing where record showed "web of circumstantial evidence so strong that [Fain] did not contest the sufficiency of the evidence on appeal"). Second, Newby admits that the type of testing he now seeks *was* available at the time of his trial and that he did *not* then ask the court for such testing. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(b) (post-conviction DNA testing limited to situations where testing previously unavailable, where more accurate tests now exist, where prior results were not probative, or where failure to obtain testing was not applicant's fault).

Third, Newby's application for DNA testing is not accompanied by "an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(a). And, finally, even though he has the burden of making a minimal showing via the required statutory affidavit or through other proffered evidence, Newby has neither alleged nor attempted to establish that the State is still in possession of the plants he now seeks to have tested. *See* TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i) (trial court must find evidence still exists and is in a condition making testing possible before it can authorize testing).

We agree with the State that the DNA testing procedure statute was intended to test for the identification of persons, not plants. Further, Newby failed to file an application for post-conviction DNA testing that met many of Chapter 64's minimal statutory requirements.

For the reasons stated, we overrule both points of error and affirm the trial court's judgment.