In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00206-CR

                                                ______________________________

 

 

                              JOSEPH ALDON BURL BECK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 16,281-2000

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Joseph
Aldon Burl Beck was placed on deferred adjudication community supervision for
the offense of indecency with a child by contact, enhanced by four prior felony
convictions.  After a bench trial on the
State’s motion to proceed to final adjudication, the trial court found Beck
violated the conditions of his community supervision by failing to report and
by committing sexual battery in Oklahoma. 
Beck received a sentence of life imprisonment.  On appeal, Beck complains that the trial
court failed to make a finding on the enhancement allegations, to which he had
previously pled “true,” during the revocation proceeding.[1]  Due to the lack of oral pronouncement on the
enhancements during revocation, Beck claims the trial court erroneously
assessed a life sentence.  He seeks
reformation of the trial court’s judgment to reflect conviction of a second
degree felony.[2]  

            However,
in written stipulation, Beck detailed the enhancement offenses and acknowledged
he had previously been convicted of each prior offense.  The stipulation included proof of the
finality and sequential order of the convictions.  During the original plea, the trial court
stated “[a]nd they are true” in reference to the enhancements to which Beck
pled “true.”[3]  Many events confirmed that the trial court found
the enhancement allegations to be true. 
During the original plea, the court explained to Beck that he would be
subject to punishment of up to ninety-nine years or life imprisonment if the
terms of community supervision were not complied with.  The judge also stated in open court that the
offense involved was indecency with a child (habitual).  Further, the trial court’s written judgment
separately lists Texas Penal Code Section 21.11, entitled indecency with a
child, and Section 12.42, entitled penalties for repeat and habitual felony
offenders, as the statutes of offense.  Tex. Penal Code Ann. §§ 21.11, 12.42
(Vernon Supp. 2009).   

            Because
the trial judge in the original plea found Beck’s prior enhancements true, we
conclude Beck’s point of error on appeal is without merit.  Moreover, we have previously stated:

while it is better practice for the trial court to
make an oral pronouncement regarding its findings on punishment enhancement
allegations, a trial court does not err when it overlooks making that
pronouncement, especially when the issue of sentencing is submitted to the
court rather than a jury. 

 

Newby v. State, 169 S.W.3d 413, 416 (Tex. App.––Texarkana 2005, pet.
ref’d) (quoting Garner v. State, 858
S.W.2d 656, 660 (Tex. App.––Fort Worth 1993, pet. ref’d)). 

            Finally,
Beck suggests that he was improperly convicted of a first degree felony when in
fact the felony was a second degree.  He
bases this argument on a reference in the judgment the degree of the felony is
“F*.”  Beck argues that this is
“presumably” a determination that he was convicted of a first degree
felony.  The record illustrates that both
the trial court and counsel understood, at the time of the original plea, that
a violation of deferred adjudication community supervision would result in a
sentencing range of twenty-five to ninety-nine years or life in accord with Section
12.42(d) of the Texas Penal Code.  Tex. Penal Code Ann. § 12.42(d).  The ambiguous symbol “F*” could just as well
be a shorthand rendition for a felony that was enhanced under the habitual
criminal statute.  Therefore, we do not
find it necessary to formally revise or modify the judgment; we interpret
Beck’s conviction as a second degree felony with punishment enhanced by Section
12.42(d) to a range of not less than twenty-five years or more than ninety-nine
years or life imprisonment.  

            We
affirm the judgment of the trial court. 

             

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
24, 2010

Date Decided:             May
25, 2010

 

Do Not Publish











[1]Beck
argues the trial court failed to find him “guilty” of prior offenses comprising
the enhancement allegations.  The prior
convictions were adjudicated in the original proceedings.  Rather, the question presented to the trial
court was whether the evidence showed beyond a reasonable doubt that:  (1) there were such previous convictions and
(2) Beck was the person convicted.  Flowers v. State, 220 S.W.3d 919, 923
(Tex. Crim. App. 2007).  Beck’s plea of
“true” satisfied the State's burden of proof on this issue.  Wilson
v. State, 671 S.W.2d 524, 525–26 (Tex. Crim. App. 1984) (en banc).  

 





[2]Indecency
with a child by contact is a second degree felony.  Tex.
Penal Code Ann. § 21.11(d) (Vernon Supp. 2009).  A felony offense, where it is shown the
defendant has been finally and sequentially convicted of two prior felonies,
shall be punished by imprisonment for life, or any term of not more than ninety-nine
years or less than twenty-five years.  Tex. Penal Code Ann. § 12.42(d) (Vernon
Supp. 2009). 





[3]Beck
seems to suggest some action on the enhancements was required during the
revocation proceeding.  The court
deferred Beck’s guilt of the underlying offense only––not its finding of true
to the enhancements.