

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00206-CR

_____

JOSEPH ALDON BURL BECK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 16,281-2000

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Joseph Aldon Burl Beck was placed on deferred adjudication community supervision for the offense of indecency with a child by contact, enhanced by four prior felony convictions. After a bench trial on the State's motion to proceed to final adjudication, the trial court found Beck violated the conditions of his community supervision by failing to report and by committing sexual battery in Oklahoma. Beck received a sentence of life imprisonment. On appeal, Beck complains that the trial court failed to make a finding on the enhancement allegations, to which he had previously pled "true," during the revocation proceeding.[1] Due to the lack of oral pronouncement on the enhancements during revocation, Beck claims the trial court erroneously assessed a life sentence. He seeks reformation of the trial court's judgment to reflect conviction of a second degree felony.[2]

However, in written stipulation, Beck detailed the enhancement offenses and acknowledged he had previously been convicted of each prior offense. The stipulation included proof of the finality and sequential order of the convictions. During the original plea, the trial

---

[1] Beck argues the trial court failed to find him "guilty" of prior offenses comprising the enhancement allegations. The prior convictions were adjudicated in the original proceedings. Rather, the question presented to the trial court was whether the evidence showed beyond a reasonable doubt that: (1) there were such previous convictions and (2) Beck was the person convicted. *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007). Beck's plea of "true" satisfied the State's burden of proof on this issue. *Wilson v. State*, 671 S.W.2d 524, 525–26 (Tex. Crim. App. 1984) (en banc).

[2] Indecency with a child by contact is a second degree felony. TEX. PENAL CODE ANN. § 21.11(d) (Vernon Supp. 2009). A felony offense, where it is shown the defendant has been finally and sequentially convicted of two prior felonies, shall be punished by imprisonment for life, or any term of not more than ninety-nine years or less than twenty-five years. TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009).

court stated "[a]nd they are true" in reference to the enhancements to which Beck pled "true."[3] Many events confirmed that the trial court found the enhancement allegations to be true. During the original plea, the court explained to Beck that he would be subject to punishment of up to ninety-nine years or life imprisonment if the terms of community supervision were not complied with. The judge also stated in open court that the offense involved was indecency with a child (habitual). Further, the trial court's written judgment separately lists Texas Penal Code Section 21.11, entitled indecency with a child, and Section 12.42, entitled penalties for repeat and habitual felony offenders, as the statutes of offense. TEX. PENAL CODE ANN. §§ 21.11, 12.42 (Vernon Supp. 2009).

Because the trial judge in the original plea found Beck's prior enhancements true, we conclude Beck's point of error on appeal is without merit. Moreover, we have previously stated:

> while it is better practice for the trial court to make an oral pronouncement regarding its findings on punishment enhancement allegations, a trial court does not err when it overlooks making that pronouncement, especially when the issue of sentencing is submitted to the court rather than a jury.

*Newby v. State*, 169 S.W.3d 413, 416 (Tex. App.—Texarkana 2005, pet. ref'd) (quoting *Garner v. State*, 858 S.W.2d 656, 660 (Tex. App.—Fort Worth 1993, pet. ref'd)).

Finally, Beck suggests that he was improperly convicted of a first degree felony when in fact the felony was a second degree. He bases this argument on a reference in the judgment the degree of the felony is "F*." Beck argues that this is "presumably" a determination that he was

---

[3]Beck seems to suggest some action on the enhancements was required during the revocation proceeding. The court deferred Beck's guilt of the underlying offense only—not its finding of true to the enhancements.

3

convicted of a first degree felony. The record illustrates that both the trial court and counsel understood, at the time of the original plea, that a violation of deferred adjudication community supervision would result in a sentencing range of twenty-five to ninety-nine years or life in accord with Section 12.42(d) of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42(d). The ambiguous symbol "F*" could just as well be a shorthand rendition for a felony that was enhanced under the habitual criminal statute. Therefore, we do not find it necessary to formally revise or modify the judgment; we interpret Beck's conviction as a second degree felony with punishment enhanced by Section 12.42(d) to a range of not less than twenty-five years or more than ninety-nine years or life imprisonment.

We affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:     May 24, 2010
Date Decided:       May 25, 2010

Do Not Publish