

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00250-CR
_____


RANDALL DOUGLAS SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 26259



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After the trial court admonished Randall Douglas Smith in Hunt County in accordance with statutory requirements, Smith entered his open guilty plea to first degree murder of Gregory Clifford Poteet and was sentenced to fifty years' imprisonment. On appeal, Smith presents a single, multifarious[1] issue claiming that his plea was involuntary and that his trial counsel rendered ineffective assistance of counsel.

We affirm the trial court's judgment because (1) Smith failed to meet his burden of showing his plea was involuntary, and (2) the record does not show ineffective assistance of counsel.

*(1)    Smith Failed to Meet His Burden of Showing His Plea Was Involuntary*

When evaluating the voluntariness of a guilty plea, we consider the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty pleas were made knowingly and voluntarily. *Id.* Faced with this prima facie showing, the burden then shifts to the defendant to demonstrate that his pleas were not voluntary. *Id.* A defendant, who attests, when he enters his plea of guilty, that he understands the nature of his plea and that his plea is voluntary, has a heavy burden on appeal to show that his plea was involuntary. *See Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet.

---

[1]A multifarious issue embraces more than one specific ground on appeal and risks being rejected. *Smith v. State*, 316 S.W.3d 688, 694 (Tex. App.—Fort Worth 2010, pet. ref'd). Where we can determine the arguments on appeal, we prefer to address them. *See Newby v. State*, 169 S.W.3d 413, 414 (Tex. App.—Texarkana 2005, pet. ref'd).

ref'd). The simple allegations of ineffective assistance of counsel, standing alone, are not sufficient to meet that burden.

Smith's brief does not dispute that he "was properly admonished by the court both orally and in writing" in accord with the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2011). Smith signed a judicial confession and stipulation of evidence that were admitted into evidence at the plea hearing. Smith stated at the hearing that he was satisfied with counsel's representation and further represented, both in writing and on the record, that he received the court's admonishments and was aware of the consequences of the plea. During the plea hearing, Smith specifically testified (1) that he had been provided sufficient time with counsel to go over the facts and admonishments in this case, (2) that he understood the paperwork he signed, (3) that he understood the punishment ranges for the offense, and (4) that he was entering a guilty plea to the charge in the indictments because he was guilty. Smith also stated at the hearing that he understood he was waiving his right to a jury trial, his right to cross-examine witnesses, and his right to present defenses to the charged offense. The trial court concluded, as do we, that Smith's guilty pleas were entered knowingly and voluntarily. We overrule this issue.

*(2)    The Record Does Not Show Ineffective Assistance of Counsel*

A defendant is entitled to effective assistance of counsel during the plea process. *Hart v. State*, 314 S.W.3d 37, 40 (Tex. App.—Texarkana 2010, no pet.) (citing *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991)). "No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2011). "A plea of

3

guilty is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel." *Hart*, 314 S.W.3d at 40 (quoting *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)).

We employ the two-pronged *Strickland*[2] test for determining whether a defendant received ineffective assistance of counsel during a guilty plea. *Id*. at 40 (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009)). To establish ineffective assistance of counsel, an appellant must first show counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88. Second, a defendant claiming that he was provided ineffective assistance of counsel in the plea process must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); *Battle*, 817 S.W.2d at 83.

The *Strickland* test "requires a case-by-case examination of the evidence." *Hart*, 314 S.W.3d at 41 (citing *Williams v. Taylor*, 529 U.S. 362, 391 (2000)). Allegations of ineffectiveness must be firmly founded in the record. *Id*. (citing *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002)). Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

---

[2]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14. As demonstrated below, this is such a case.

In a conclusory manner, Smith argues his plea was involuntary because of trial counsel's inadequate explanation of the charges against him, the law in relation to the facts of his case, and the consequences of his plea. In support of his argument, Smith points us to his testimony at the plea hearing and the punishment hearing. At the plea hearing, Smith testified that he did not intentionally[3] shoot Poteet, and during the punishment hearing, he testified that he "never meant to shoot him." At the punishment hearing, Smith testified regarding a struggle between he and Poteet and detailed the evidence supporting a possible claim of self-defense and/or jury instruction regarding the lesser included offense of manslaughter. In light of such evidence and testimony, Smith argues that pleading guilty was illogical and could only be the product of his trial counsel's failure to properly inform him of the charges, the law in relation to the facts and the consequences of his plea. He asserts that, had he been properly informed, he would have insisted on going to trial.

However, the record and Smith's brief fail to reveal what advice and information, if any, he received from counsel. We have not been provided with a record (such as that which might have been produced by way of a hearing on a motion for new trial, a habeas corpus hearing, or by affidavit) attempting to explain counsel's strategy (or, alternatively, want of strategy) as to

---

[3]Under Section 19.02(b)(1) of the Texas Penal Code, a person commits the offense of first degree murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). While Smith denied intentionally killing Poteet, he could still be found guilty if he knowingly caused Poteet's death. When Smith pled guilty, he affirmed that his counsel had explained to him the legal definition of "knowing."

any alleged errors or omissions. Additionally, the record demonstrates that Smith was satisfied with counsel's representation, that the charges against him were explained, and that he understood the consequences of his plea. We find that Smith's claims are not firmly founded in the record. Accordingly, we overrule his claims of ineffective assistance of counsel.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    June 21, 2012
Date Decided:      July 6, 2012


Do Not Publish

6