

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00161-CR

FORTINO GREGORIO-OCHOA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-1266-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Although the terms of Fortino Gregorio-Ochoa's Smith County[1] community supervision,[2] among other things, forbade him to possess or consume any alcoholic beverage, Gregorio-Ochoa appeared at his DWI repeat-offender class and admitted to Esther Flores-Ontiveros, his substance abuse counselor, that he had just consumed a beer. As a result, Gregorio-Ochoa's community supervision was revoked, and he was sentenced to two years' confinement.

On appeal, Gregorio-Ochoa argues, under a single, multifarious[3] point of error, that Flores-Ontiveros failed to give him *Miranda*[4] warnings before asking him about the smell of alcohol on his breath and that she was unqualified to testify to the smell of alcohol on his breath. Because neither evidentiary point was preserved for our review, we affirm the trial court's judgment.

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Tyler Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]In exchange for an agreed sentencing recommendation, Gregorio-Ochoa had pled guilty to driving while intoxicated (DWI) and while accompanied by a child passenger less than fifteen years of age. TEX. PENAL CODE ANN. § 49.045 (West 2011). The trial court had sentenced Gregorio-Ochoa to two years' confinement, but probated the sentence and placed him on five years' community supervision. Approximately eighteen months later, the State filed its motion to revoke, alleging that Gregorio-Ochoa "on or about the 29th day of June 2012, did drink an alcoholic beverage" and "on or about the 29th day of June 2012, did possess an alcoholic beverage."

[3]We could overrule the sole point of error because it is multifarious. *See, e.g.*, *Dickey v. State*, 189 S.W.3d 339, 341 (Tex. App.—Texarkana 2006, no pet.); *Newby v. State*, 169 S.W.3d 413, 414 (Tex. App.—Texarkana 2005, pet. ref'd); *Harris v. State*, 133 S.W.3d 760, 764 n.3 (Tex. App.—Texarkana 2004, pet. ref'd); *Parra v. State*, 935 S.W.2d 862, 875 (Tex. App.—Texarkana 1996, pet. ref'd). However, we will address the specific complaints raised by Gregorio-Ochoa in the interests of justice.

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Gregorio-Ochoa's first complaint is that Flores-Ontiveros failed to provide him with his *Miranda* warnings when interrogating him after his DWI repeat-offender class. It is not necessary for us to determine whether *Miranda* applies to this situation. Because Gregorio-Ochoa did not object to Flores-Ontiveros' testimony, he has failed to preserve his complaint for appellate review. TEX. R. APP. P. 33.1; *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (*Miranda* complaint not preserved for review without trial objection); *Mbugua v. State*, 312 S.W.3d 657, 666 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (*Miranda* complaint not preserved).

Gregorio-Ochoa's second complaint—that Flores-Ontiveros[5] was not qualified to testify as an expert under Rule 702 of the Texas Rules of Evidence—is also not preserved for our review. Flores-Ontiveros testified that she detected the odor of alcohol on Gregorio-Ochoa's breath while talking to him after a DWI repeat-offender class. Flores-Ontiveros testified, "So he initially denied drinking, you know. But a couple of minutes later he said, 'Okay. I drink one beer with my meal before I came to class.'"

In order to preserve error for appellate review, an appellant must "let the trial judge know what he wants, why he thinks himself entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Without a timely specific objection to expert testimony, any error has not been preserved for appellate review. *See* TEX. R.

---

[5]Flores-Ontiveros testified she has "a master's degree obtained at Dallas Baptist University" and is "a licensed chemical dependency counselor."

App. P. 33.1; *Davis v. State*, 313 S.W.3d 317, 352 (Tex. Crim. App. 2010); *Delane v. State*, 369 S.W.3d 412, 429 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

Gregorio-Ochoa did not object to Flores-Ontiveros' testimony. After both parties had rested, Gregorio-Ochoa made the following closing argument:

> Your Honor, I don't -- I find it extremely hard to understand how the testimony of a witness saying that she smelled a -- she smelled beer on a person's breath constitutes proof that he had been drinking. Particularly in light of the fact that there could be any number of explanations. Maybe he just has breathatosis (sic) or something. I don't know.
>
> She testified that she is certified to administer breath tests through the use of a breathalyzer. And she certainly had every opportunity to get a breathalyzer from wherever it was and require -- since she's an extension, I guess, of the probation department, require my client to take a breathalyzer. She didn't do that.
>
> So now we're here facing a request by the State to send a man to the penitentiary with no definitive proof that he's violated the terms and conditions of probation. The testimony of the counselor does not constitution [sic] evidence of having used or possessed alcohol on the evening in question. I would submit to the Court the State has not met its burden of proof and ask the Court to deny the State's request.

To the extent the above argument could be considered an objection to the testimony of Flores-Ontiveros, it was both insufficient to inform the trial court of a Rule 702 complaint and untimely.

The above is not an objection, but an argument that the evidence is insufficient. It claims Flores-Ontiveros' personal detection of the odor of alcohol and Gregorio-Ochoa's admission were insufficient to prove, by a preponderance of the evidence, his possession and consumption of alcohol. In essence, the argument claims Flores-Ontiveros should have conducted a more scientific test since she had the ability to do so. The argument is insufficient to make the trial

court aware of the complaint that Flores-Ontiveros lacked sufficient qualifications to identify the smell of alcohol.[6]

Further, the argument, even if interpreted as an objection, was not timely. In order to be timely, an objection must be made at the earliest opportunity. *Martinez v. State*, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993); *Pina v. State*, 38 S.W.3d 730, 736 (Tex. App.—Texarkana 2001, pet. ref'd). By the time Gregorio-Ochoa's counsel uttered the above words, both parties had rested, and the evidence had been closed.[7] Even if the above argument had been an objection, it was not timely.

Neither of Gregorio-Ochoa's arguments have been preserved for appellate review. For the reasons stated, we affirm.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 14, 2013
Date Decided:       February 20, 2013

Do Not Publish

---

[6]Expert testimony is not likely required to prove the smell of an alcoholic beverage on someone's breath. *See State v. Welton*, 774 S.W.2d 341, 343 (Tex. App.—Austin 1989, pet. ref'd) (police officer's testimony concerning intoxication was lay opinion, not expert testimony). Because error has not been preserved for our review, we leave this question for another day.

[7]"There are two main purposes behind requiring a timely, specific objection:  1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and 2) to give opposing counsel the chance to remove the objection or provide other testimony." *Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004) (despite stating, "[N]o objection" to admission of evidence, error preserved when trial court announced it would not rule on motion to suppress until after all evidence had been presented).