

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00081-CV
_____

DANIEL HERRERA AND IMELDA HERRERA, AND/OR ALL OCCUPANTS OF 316
ALAMO ROAD, LOCKHART, TEXAS 78644, Appellants

V.

BANK OF AMERICA, N.A., Appellee

On Appeal from the County Court at Law
Caldwell County, Texas
Trial Court No. 5965

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After Daniel and Imelda Herrera defaulted in the payment of the loan secured by the purchase money deed of trust lien on their residence in Lockhart, a substitute trustee's sale to effect foreclosure was conducted, and Bank of America, N.A., was the purchaser at that foreclosure sale. After the Herreras then failed to vacate the premises, Bank of America brought a forcible detainer action in a justice court where the property was located. The justice court entered judgment granting possession of the property to Bank of America, and the Herreras appealed to the County Court at Law of Caldwell County.[1] After a short hearing to the court, a judgment granting possession of the property to Bank of America was entered. It is that judgment that the Herreras have appealed, wherein they (1) challenge the trial court's jurisdiction, alleging that there was a substantial question involving Bank of America's title, (2) claim that the trial court erred in admitting a business records affidavit which was a basis for Bank of America's claim, and (3) assert that the trial court erred in refusing to consider the Herreras' challenge to the validity of the foreclosure procedure.[2] We find that (1) the trial court had jurisdiction over the matter before

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The Herreras raise both of these issues under a single point of error complaining of the court's denial of their evidentiary objections. A multifarious issue is one that raises more than one specific ground of error. *In re S.K.A.*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007, pet. denied). We have repeatedly warned litigants to refrain from raising multifarious points of error. *See, e.g.*, *In re Guardianship of Moon*, 216 S.W.3d 506, 508 (Tex. App.—Texarkana 2007, no pet.); *Newby v. State,* 169 S.W.3d 413, 414 (Tex. App.—Texarkana 2005, pet. ref'd). Failure to heed our warnings runs the risk of having any multifarious issue(s) summarily overruled. *Newby*, 169 S.W.3d at 414; *Harris v. State*, 133 S.W.3d 760, 764 n.3 (Tex. App.—Texarkana 2004, pet. ref'd); *Parra v. State*, 935 S.W.2d 862, 875 (Tex. App.—Texarkana 1996, pet. ref'd). In the interest of addressing substantive issues, we will not take the opportunity in this case to overrule this point of error on the basis of it being multifarious.

it, (2) the Herreras waived any error related to the admission of the business records affidavit, and (3) the trial court properly refused to consider any issue related to alleged irregularities in the foreclosure procedure. Accordingly, we affirm the judgment of the trial court.

The Herreras executed a first lien deed of trust on December 28, 2007, to secure a purchase money note in the amount of $201,832.00. After they defaulted on the payments prescribed by the note, a notice of a substitute trustee's sale to foreclose under the terms of the deed of trust was issued, and Bank of America purchased the property at the ensuing August 5, 2014, sale. Under the terms of the deed of trust, after the foreclosure sale, the Herreras became only tenants at sufferance of the purchaser at the foreclosure sale. As tenants at sufferance, the Herreras were required to surrender possession of the property to the purchaser at the foreclosure sale upon demand by the purchaser. Owners can employ a writ of possession to eject tenants at sufferance who refuse to vacate on demand.

On December 3, 2014, Bank of America sent letters to the Herreras pursuant to Section 24.005 of the Texas Property Code, demanding that they vacate the property within three days. After they failed to vacate the property, Bank of America filed an action in forcible detainer to compel their removal.

## I.     The Trial Court Had Jurisdiction to Adjudicate the Forcible Detainer Action

In their first point of error, the Herreras challenge the jurisdiction of the trial court, arguing that since the lender named in the deed of trust as it was signed is a different entity from Bank of America, a substantial question exists regarding Bank of America's power to have caused the foreclosure sale to take place. They further argue that since the trustee named in the deed of trust

3

is not the same as the substitute trustee and there is no evidence showing how the substitute trustee, Louise Graham, obtained her powers to foreclose the deed of trust, a substantial question was raised regarding Bank of America's title to the property. The Herreras argue that it was necessary for the trial court to determine the title issue as a predicate to determining the right of possession. Reasoning further, the Herreras maintain that since a court is prohibited from adjudicating title in a suit in forcible detainer, the trial court had no jurisdiction to determine that Bank of America had the right of possession of the property.

A justice court has original jurisdiction over suits in forcible detainer but specifically does not have jurisdiction over suits requiring a determination of title to land. TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4) (West Supp. 2015). Further, in an appeal from the justice court, the jurisdiction of a county court at law "is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction." *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) (citing *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ)); *see Wade v. Household Fin. Corp. III*, No. 06-15-00074-CV, 2016 WL 741872, at *3 (Tex. App.—Texarkana Feb. 25, 2016, no pet.) (mem. op.). A forcible detainer action "determine[s] the right to immediate possession of real property where there is no unlawful entry." *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *1 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.) (citing *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.)); *see Wade*, 2016 WL 741872, at *3 (citing *Rice*, 51 S.W.3d at 709). It "is designed to be a quick, simple, and inexpensive means to determine who is entitled to immediate possession to

property without resorting to an action on the title." *Wade*, 2016 WL 741872, at *3 (citing *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)); *see Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936). A forcible detainer action determines the superior right of possession "without resorting to action upon the title." *Wade*, 2016 WL 741872, at *3 (quoting *Rice*, 51 S.W.3d at 710 (quoting *Scott*, 90 S.W.2d at 818–19)). However, if the justice court or county court must necessarily resolve questions of title in order to determine the right to immediate possession, it has no jurisdiction to adjudicate the forcible detainer action. *Reardean*, 2013 WL 4487523, at *2; *Rice*, 51 S.W.3d at 709, 713. Therefore, to determine whether the trial court had jurisdiction, we must examine whether it was necessary for the trial court to determine the title to the land.

In this case, the Herreras assert that there are fact questions regarding the foreclosure process and the question of Bank of America's title needed to be resolved before the trial court could determine whether the Herreras or Bank of America possessed the superior right of possession. Generally, irregularities in the foreclosure process or deficiencies in the purchaser's title "may not be considered in a forcible detainer action." *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd). Such irregularities and deficiencies "must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed." *Id.* (citing *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.)). Such suits may be pursued in the district court concurrently with the forcible detainer action in justice court "to resolve issues of title and immediate possession, respectively." *Rice*, 51 S.W.3d at 710. "[I]t is only when the justice court or county court *must*

determine title issues that it is without jurisdiction to adjudicate a forcible detainer case." *Id.* at 713.

The Herreras argue that Bank of America's failure to present evidence showing it was the successor to the original lienholder and that Graham had been properly named substitute trustee under the deed of trust raised a title question that deprived the trial court of jurisdiction. The Third Court of Appeals was faced with a similar question in *Reardean*. In that case, the Reardeans executed a deed of trust in favor of Northland Funding Group, LP, d/b/a Capital Mortgage Services. As in this case, the deed of trust provided that if the property subject to the deed of trust was sold at a nonjudicial foreclosure sale, the Reardeans must immediately surrender possession of the property to the purchaser on demand, and that if they did not, they would become tenants at sufferance of the owner and could be removed by writ of possession. After the Reardeans defaulted on their loan, CitiMortgage, Inc., purchased the property at the foreclosure sale and received a substitute trustee's deed. CitiMortgage later conveyed the property to Federal Home Loan Mortgage Corporation (Federal Home), which instituted a forcible detainer action against the Reardeans. After the justice court and, on appeal, the county court, granted judgment to Federal Home, the Reardeans appealed. *Reardean*, 2013 WL 4487523, at *1. On appeal, the Reardeans argued that Federal Home had failed to present evidence that showed an unbroken chain of title from Northland Funding Group to Federal Home, which deprived the trial court of jurisdiction. *Id.* at *2.

In rejecting the Reardeans' argument, the Austin Court of Appeals pointed out that "[w]here a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance

6

relationship between the parties,[3] the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Id.* at *3 (citing *Schlichting*, 346 S.W.3d at 199). Since "foreclosure pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship between Federal Home and the Reardeans," the court held that "it was not necessary for the trial court to resolve the title dispute to determine the right of immediate possession." *Id.* (citing *Schlichting*, 346 S.W.3d at 199); *see also Haddox v. Fed. Nat'l Mortg. Ass'n*, No. 03-15-00350-CV, 2016 WL 2659695, at *4 (Tex. App.—Austin May 6, 2016, no pet. h.) (mem. op.) (when deed of trust creates landlord and tenant-at-sufferance relationship, trial court has independent basis to determine immediate possession without resolving title issues); *Jaimes v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *4 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (same); *Stephens v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding purchaser not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property following appellant's default); *Deubler v. Bank of New York Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding purchaser at foreclosure sale not required to present evidence establishing link between deed of trust and substitute trustee's deed to establish superior right to possession).

---

[3]"A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, 'including an occupant at the time of foreclosure of a lien superior to the tenant's lease.'" *Reardean*, 2013 WL 4487523, at *1 (quoting TEX. PROP. CODE ANN. § 24.002(a)).

Similarly, in this case, Bank of America introduced the deed of trust which provided that a landlord and tenant at sufferance relationship existed between the grantor of the deed of trust and any purchaser at a foreclosure sale conducted under that deed of trust. It also introduced a substitute trustee's deed establishing that it had purchased the property at the foreclosure sale. Thus, the evidence showed that Bank of America (as purchaser at a foreclosure sale) was in a landlord and tenant at sufferance relationship with the Herreras (the grantors in the deed of trust). This gave the trial court an independent basis to determine that Bank of America had the superior right of immediate possession without resolving the title issue. Hence, it was not necessary for the trial court to resolve the title issue before determining the right of immediate possession. Due to this, the trial court had jurisdiction to adjudicate the forcible detainer action.

We overrule the Herreras' first point error.

## II. Any Error in Admitting the Business Records Affidavit Was Not Preserved

In their next point of error, the Herreras assert that the trial court erred in admitting a business records affidavit that had previously been filed pursuant to Rule 901(10) of the Texas Rules of Evidence. *See* TEX. R. EVID. 901(10). On appeal, they argue that the business records affidavit was not served on their attorney of record, as required by Rule 901, and, therefore, the trial court erred in admitting the same. *See* TEX. R. EVID. 901(10)(A); TEX. R. CIV. P. 21(a) (requiring service on a party's attorney of record). However, at trial, the Herreras told the trial court that they were not sure if the affidavit had been served on them and then stated that they only

8

objected to the admission of the deed of trust, substitute trustee's deed, and notice of substitute trustee's sale attached to the affidavit since they were not originals or certified copies.[4]

In order to preserve an error for appeal, the complaint must be made at the trial court by a timely request, objection, or motion that states the grounds with specificity, and the trial court must make a ruling, or refuse to rule, on the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1), (2). If the complaint on appeal does not comport with the objection made at trial, nothing is preserved for appellate review. *In re S.A.G.*, 403 S.W.3d 907, 913 (Tex. App.—Texarkana 2013, pet. denied); *see also Lakeway Land Co. v. Kizer*, 796 S.W.2d 820, 825 (Tex. App.—Austin 1990, writ denied). Since the Herreras' complaint on appeal does not comport with their objection made at trial, they have preserved nothing for our review. We overrule this point of error.[5]

### III. The Trial Court Did Not Err in Refusing to Consider Issues Related to the Foreclosure

In their final point of error, the Herreras assert that the trial court erred in not considering issues related to what they allege was a wrongful foreclosure. They argue that there is no evidence either that Bank of America had the authority to appoint a substitute trustee or direct the substitute trustee or that the substitute trustee had the authority to conduct the foreclosure. They further

---

[4]Certified copies of the deed of trust and the substitute trustee's deed, with notice of substitute trustee's sale attached, were subsequently admitted without objection.

[5]In the summary of argument section of their brief, the Herreras also assert that the court allowed the "three day notice" into evidence with no proof of authenticity. *See* TEX. PROP. CODE ANN. § 24.005(a) (West Supp. 2015) (requiring a three-day written notice to vacate property before filing a forcible detainer action). However, the Herreras made no objection to the notices to vacate, which were attached to the business records affidavit. Having made no objection to the notices to vacate at trial, they have preserved nothing for our review. *See* TEX. R. APP. P. 33.1(a)(1).

9

maintain that there was a material breach of the terms of the deed of trust by Bank of America that excused their performance under the deed of trust and that, therefore, the foreclosure was wrongful.

As previously noted, any irregularities in the foreclosure process or deficiencies in the purchaser's title "may not be considered in a forcible detainer action." *Schlichting*, 346 S.W.3d at 199. These matters "must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed." *Id.* (citing *Shutter*, 318 S.W.3d at 471). Since Bank of America was claiming title as a result of the foreclosure, the Herreras' allegations of wrongful foreclosure essentially challenge the validity of Bank of America's title. Since the trial court could resolve the issue of the right of immediate possession without resolving matters challenging Bank of America's title, it did not err in not considering issues related to an alleged wrongful foreclosure. We overrule this point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     June 30, 2016
Date Decided:       July 7, 2016

10